JOHN J. FISHER, Appellant, v. JOHN S. EVANS, Respondent.

**St. Louis Court of Appeals, April 19, 1887.**

PRACTICE—JURISDICTION—SERVICE BY PUBLICATION—EQUITY.—In an action to re-open a judgment on the ground of fraud or mistake, service by publication will not give the court jurisdiction of the person of the defendant.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

D. D. FASSETT, for the appellant.

SMITH & HARRISON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action in the nature of a bill in equity, to re-open a judgment rendered upon a partnership accounting between the plaintiff and the defendant, and to have the amount of the judgment, which was rendered in favor of the plaintiff, increased by the sum of two hundred dollars, with interest, on account of the alleged collection of four hundred dollars by the defendant, from a certain named debtor of the partnership, prior to the said accounting, which collection, the petition alleges, was fraudulently concealed by the defendant from the plaintiff, the referee, and the court before whom the said former action was tried. It is stated in the petition that the defendant is not a resident of the state of Missouri, but is a resident of the Indian Territory, and that he has no property within the state of Missouri. The defendant was not served with process, but an order of publication was sued out, ostensibly under the authori-

zation of section 3494, Revised Statutes; publication was had thereunder; whereupon the defendant, by counsel, came into court for the purpose of pleading to the jurisdiction merely, and, upon his plea to the jurisdiction, the court held that it was without jurisdiction, and dismissed this action. Whether the court had jurisdiction is the only question presented upon the record. Section 3494, Revised Statutes, allows the defendant to be brought in by publication, "in suits in partition, divorce, attachment, suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanic's liens, and all other liens against either real or personal property, and in all actions, at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to, or against, any real or personal property within the jurisdiction of the court." We are of opinion that the case, as above stated, does not fall within any of these provisions, and that the court was, therefore, right in dismissing the cause for want of jurisdiction.

With the concurrence of Rombauer, J., the judgment of the circuit court is affirmed. Lewis, P. J., is absent.